UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELLA DAVIS,

    Plaintiff,

v.

    Case No. 11-CV-13688

    HON. GEORGE CARAM STEEH

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND THE JUDGMENT (#37)

    This case involves a claim by Plaintiff, Della Davis, that Defendant Prudential Insurance Company of America wrongfully terminated her long-term disability benefits and determined she was no longer eligible for continued waiver of premium benefits under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Following cross-motions for judgment on the administrative record, the court granted judgment in favor of plaintiff.  In the order granting judgment, the court "exercise[d] its discretion in denying both parties' requests for attorneys fees and costs pursuant to 29 U.S.C. § 1132(g)."  Before the court now is plaintiff's motion to alter or amend the judgment (#37).  In her motion to alter or amend the judgment, plaintiff requests amendment of the judgment to allow her to submit a fee petition supported by affidavits within ten days of the amended judgment.  The motion is fully briefed and the court finds that oral argument is not necessary.  See Local Rule 7.1(f).

Plaintiff files this motion under Federal Rule of Civil Procedure 59(e), which requires: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.  Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010).  A court's ruling on a motion to amend or alter a judgment is reviewed for an abuse of discretion.  Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 132 (6th Cir. 1990).

In certain ERISA actions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  In exercising that discretion, the court should consider: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions."  Sec. of Dept. of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985).  "The King factors are not statutory . . . and need not be parsed as though they were[;] none of them is necessarily dispositive."  Foltice v. Guardsman Prods., Inc., 98 F. 3d 933, 937 (6th Cir. 1996).

In her reply in support of her motion to alter or amend judgment, plaintiff finally identifies the basis for her motion.  She argues the court's decision denying attorney fees constitutes a clear error of law because the court did not expressly apply the King factors to the facts of this case.  Plaintiff did not cite King in the briefing on her motion for judgment on the record.  However, in applying the King factors, this court finds it properly exercised its discretion in denying plaintiff's request for attorney fees.

First, the court does not find that the defendant acted with a high degree of culpability or bad faith. A court's decision to overturn the plan administrator's decision as arbitrary and capricious does not necessarily indicate culpability or bad faith. Heffernan v. UNUM Life Insurance Company, 101 Fed. Appx. 99, 109 (6th Cir. 2004). The court does not find evidence of deliberate misconduct by the defendant here. Second, it appears uncontested that defendant is able to satisfy an award of attorney fees. "While it is true that [defendant] could pay the fees if ordered to do so, prior cases have considered this factor 'more for exclusionary than for inclusionary purposes.'" Warner v. DSM Pharma Chemicals N.A., Inc., 452 Fed. Appx. 677, 681-82 (6th Cir. 2011). Third, the award is not likely to have a deterrent effect. The Sixth Circuit has held that "the deterrent effect of a fee award on other plan administrators—is one that is likely to have more significance in a case where the defendant is highly culpable." Foltice, 98 F.3d at 937. Fourth, it does not appear that plaintiff "sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA." The case was resolved on facts relating to this plaintiff only. Fifth, both parties presented arguments of some merit. In addition, plaintiff insisted on advancing the position that the standard of review was *de novo* despite clear law to the contrary. Weighing all of these factors, the court finds it properly decided that neither party was entitled to attorney fees in this case.[1]

---

[1]The court also notes that it appears plaintiff failed to satisfy Local Rule 7.1(a)'s requirement that a party confer with opposing counsel, explain the nature of the motion and its legal basis, and inform the court of the results of that conference.

Accordingly, Plaintiff's motion to alter or amend the judgment (#37) is DENIED.

IT IS SO ORDERED.

Dated: March 20, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 20, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk